UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RYAN CHARLES DIEMOND,<br><br>                        Plaintiff,<br><br>v.<br><br>NOAH NAGY,<br><br>                        Defendants. | Case No. 23-12184<br>Honorable Robert J. White<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL
(ECF NO. 39)**

    Plaintiff Ryan Charles Diemond, a prisoner of the Michigan Department of Corrections (MDOC), filed a pro se civil rights action under 42 U.S.C. § 1983, alleging that Defendant Noah Nagy failed to accommodate his medical conditions by denying him access to the prison's legal writer program.  ECF No. 1.  The Honorable Robert J. White referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 23.  Diemond moves to appoint counsel.  ECF No. 39.

    Under 28 U.S.C. § 1915, "[t]he court *may* request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1) (emphasis added).  Although a district court is vested with broad discretion in determining whether to appoint counsel for an indigent civil litigant,

appointment of such counsel is not a constitutional right. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Courts generally do not appoint counsel in a civil case absent a showing of "exceptional circumstances." *Id*. at 606. Appointment of counsel under § 1915(e)(1) is rare because "there are no funds appropriated to pay a lawyer or to even reimburse a lawyer's expense." *Clarke v. Blais,* 473 F. Supp. 2d 124, 125 (D. Me. 2007). Thus, courts generally do not appoint counsel in a civil case absent a showing of "exceptional circumstances." *Lavado*, 992 F.2d at 606.

To determine whether "exceptional circumstances" exist, the Court considers the type of case involved, the party's ability to represent himself, the complexity of the case, and whether the claims being presented are frivolous or have a small likelihood of success. *Id.* Because of the consideration addressing the plaintiff's likelihood of success, "[a]ppointment of counsel is almost always denied prior to the exhaustion of dispositive motions." *Dixon v. Kraft*, No. CV 16-14439, 2017 WL 11490775, at *1 (E.D. Mich. Mar. 14, 2017), *objections overruled*, No. 16-14439, 2017 WL 11490776 (E.D. Mich. May 5, 2017). In keeping with this policy, this Court almost always denies motions for appointment of counsel until after dispositive motions are decided.

In his motion, Diemond alleges that he suffers from complex regional pain syndrome in his hand and attention deficit hyperactivity disorder, has no formal education in the field of law, and is being denied meaningful access to the MDOC's law library.  ECF No. 39, PageID.441.  And he claims that this case involves complex medical issues and will require expert witnesses.  *Id.*, PageID.442.  But Diemond has not yet demonstrated that he is likely to succeed in this action.  Judge White adopted the Court's Report and Recommendation denying summary judgment on exhaustion grounds.  ECF No. 31.

Even so, Diemond has not shown a likelihood of success on the merits of his claim that he has been denied access to the courts or to file grievances.  "[T]o state a claim for interference with access to the courts, a plaintiff must show actual injury."  *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005) (cleaned up).  "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline."  *Id.*  And "[a] prisoner has no constitutional right to any effective grievance procedures or access to any such procedure voluntarily established by the state."  *Green v. Tudor*, 685 F. Supp. 2d 678, 691 (W.D. Mich. 2010).

The Court also notes that Diemond's well-written filings thus far

3

undermine his claim that he lacks the capacity to represent himself at this stage of the litigation. *See* ECF No. 1; ECF No. 13; ECF No. 19; ECF No. 27; ECF No. 39. But Diemond may renew his request for appointed counsel if his complaint survives a dispositive motion on the merits.

Diemond's motion to appoint counsel (ECF No. 39) is **DENIED WITHOUT PREJUDICE**.

Dated: February 19, 2025

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

### NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

### CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to

their email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 19, 2025.

                                                                                 s/Davon Allen
                                                                                 DAVON ALLEN
                                                                                 Case Manager