UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYAN CHARLES DIEMOND,

    Plaintiff,

v.

NOAH NAGY,

    Defendant.

Case No. 23-12184
Honorable Robert J. White
Magistrate Judge Elizabeth A. Stafford

**ORDER DENYING PLAINTIFF'S MOTION FOR
A CONTINUANCE (ECF NO. 48)**

## I.    Introduction

Plaintiff Ryan Charles Diemond, a prisoner of the Michigan Department of Corrections (MDOC), filed this pro se civil rights action under 42 U.S.C. § 1983 alleging that Defendant Noah Nagy failed to accommodate his medical conditions by denying him access to the prison's legal writer program.  ECF No. 1.  The Honorable Robert J. White referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 23.

Nagy moved for summary judgment on March 26, 2025.  ECF No. 46.  Though Diemond's response was due April 16, 2025, he filed none.  The

Court ordered Diemond to show cause by May 23, 2025, as to why summary judgment should not be granted.  ECF No. 47.  More than a week after the show cause deadline, Diemond moved for a continuance to allow him to secure more discovery from defendants.  ECF No. 48.

The Court **DENIES** Diemond's motion for a continuance.

## II.     Analysis

When a motion for extension is made after the relevant deadline, the moving party must show excusable neglect.  Fed. R. Civ. P. 6(b)(1).  To decide whether a party's tardiness is due to "excusable neglect," courts weigh these equitable factors: "(1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith."  *Century Indem. Co. v. Begley Co.*, 323 F.R.D. 237, 240-42 (E.D. Ky. 2018).  "[E]xcusable neglect is a strict standard which is met only in extraordinary cases."  *Argue v. Burnett*, No. 1:08-CV-186, 2010 WL 1417633, at *2 (W.D. Mich. Apr. 1, 2010) (cleaned up).

The reason for delay is the most critical factor, *Kassim v. United Airlines, Inc.*, 320 F.R.D. 451, 453 (E.D. Mich. 2017), and Diemond's

motion fails to meet this most critical factor.  Diemond asserts that he is pro se, has no training or formal education in federal litigation practice, must address complex issues from Nagy's motion, suffers from several recorded disabilities, and that these disabilities combined with his restrictions to legal assistance programs impede his opportunity to properly oppose Nagy's motion.  ECF No. 48, PageID.676.  But "[i]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect.'"  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993).  And discovery closed in February 2025, so granting Diemond's motion now would prejudice defendants and disrupt the flow of the judicial proceedings.  *See Kassim*, 320 F.R.D. at 454.  The length of delay in moving for the continuance—more than a month after the response was due and a week after the show-cause deadline—also weighs against granting a continuance.

Diemond's motion for continuance lacks merit also because he has not submitted any affidavit under Federal Rule of Civil Procedure 56(d). Under that rule, "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other

3

appropriate order."  Rule 56(d).  A party seeking relief under Rule 56(d) must "file an affidavit that indicate[s] to the district court its need for discovery, what material facts it hopes to uncover, and why it has previously not discovered the information."  *Gettings v. Bldg. Laborers Loc. 310 Fringe Benefits Fund*, 349 F.3d 300, 305 (6th Cir. 2003).  "The importance of complying with" Rule 56(d) "cannot be overemphasized."  *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000).  Thus, Diemond's failure to submit an affidavit under Rule 56(d) is fatal to his request for a continuance.

### III.   Conclusion

The Court **DENIES** Diemond's motion for a continuance (ECF No. 48).

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

Dated: June 27, 2025

### NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous

4

or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 27, 2025.

                                         s/Julie Owens
                                         JULIE OWENS
                                         Case Manager