UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYAN CHARLES DIEMOND,

Plaintiff,

v.

NOAH NAGY,

Defendant.

Case No. 23-12184
Honorable Robert J. White
Magistrate Judge Elizabeth A. Stafford

---

**REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE FOR FAILURE TO PROSECUTE AND TO DENY AS MOOT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 46)**

---

## I.      Introduction

Plaintiff Ryan Charles Diemond, a prisoner of the Michigan Department of Corrections (MDOC), filed this pro se civil rights action under 42 U.S.C. § 1983 alleging that Defendant Noah Nagy failed to accommodate his medical conditions by denying him access to the prison's legal writer program.  ECF No. 1.  The Honorable Robert J. White referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 23.

Nagy moved for summary judgment on March 26, 2025.  ECF No. 46.
Though Diemond's response was due April 16, 2025, he filed none.  The
Court ordered Diemond to show cause by May 23, 2025, as to why
summary judgment should not be granted.  ECF No. 47.  More than a week
after the show cause deadline, Diemond moved for a continuance to allow
him to secure more discovery from defendants.  ECF No. 48.  The Court
denied that motion because Diemond showed now excusable delay nor
that he required more time for discovery under Federal Rule of Civil
Procedure 56(d).  ECF No. 50.

The Court **RECOMMENDS** that Diemond's complaint be **DISMISSED
WITH PREJUDICE** for failure to prosecute and that Nagy's summary
judgment motion to be **DENIED** as moot.

## II.    Analysis

If a plaintiff fails to prosecute an action, it can be dismissed either
under the Court's inherent power to control its docket or involuntarily under
Federal Rule of Civil Procedure 41(b).  *Link v. Wabash R. Co.*, 370 U.S.
626, 629-32 (1962) ("The authority of a federal trial court to dismiss a
plaintiff's action with prejudice because of his failure to prosecute cannot
seriously be doubted.").  The authority to dismiss a plaintiff's case for failure
to prosecute is available to the district court "as a tool to effect

management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999)).  And this Court's local rules provide that when "the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or an application of a party, enter an order dismissing the case unless good cause is shown."  E.D. Mich. LR 41.2 (cleaned up).  Dismissal for want of prosecution is ordinarily with prejudice.  Rule 41(b); *Link*, 370 U.S. at 629.

The Sixth Circuit has set forth four factors to be used as guidance when deciding whether a case should be dismissed for failure to prosecute under Rule 41(b): "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Knoll*, 176 F.3d at 363.

Analysis of the *Knoll* factors supports dismissal.  For the first factor, Diemond is at fault because he failed to respond to the Court's order to show cause by the May 23 deadline.  ECF No. 47.  Although he moved for

3

a continuance, that motion lacked merit.  Applying the second factor,

although there is no evidence that Nagy was prejudiced by Diemond's

inaction, the third and fourth factors weigh heavily in favor of dismissal.

Diemond was warned that failure to respond to the order to show cause

could result in the dismissal of the case.  ECF No. 47.  And there is no less

drastic sanction available because Diemond has failed to respond as

ordered despite being warned that his failure to respond could lead to the

dismissal of his complaint.  "[D]ismissal is the only appropriate remedy

because [Diemond] has effectively abandoned the case."  *Gomez v.

Deangelo*, No. 18-14080, 2020 WL 7038612, at *2 (E.D. Mich. Apr. 2,

2020), *adopted*, 2020 WL 7024862 (E.D. Mich. Nov. 30, 2020) (cleaned

up).

Should Diemond's complaint be dismissed for lack of prosecution,

Nagy's summary judgment motion should be denied as moot.[1]

---

[1] The Courts that Nagy's motion for summary judgment appears to be meritorious.  ECF No. 46, PageID.477-479 (citing ECF Nos. 46-3, 46-4 and 46-10) (that Diemond's claim is time barred); PageID.479-482 (citing ECF Nos. 46-5, 46-8, 46-9, and 46-10) (that Diemond lacks requisite personal involvement); PageID.482-485 (citing ECF Nos. 46-6 and 46-7) (Nagy can raise Eleventh Amendment immunity to Diemond's First Amendment claims); PageID.485-492 (citing ECF Nos. 46-3, 46-5, and 46-8) (Diemond's American with Disabilities Act (ADA) and Rehabilitation Act (RA) claims fail); PageID.492-497 (citing ECF Nos. 46-5 and 46-10) (Diemond cannot establish Fourteenth Amendment, Equal Protection or Due Process violations, and Nagy is entitled to qualified immunity.)

### III.    Conclusion

The Court **RECOMMENDS** that this action be **DISMISSED WITH PREJUDICE** and that Nagy's summary judgment motion (ECF No. 46) be **DENIED** as moot.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: June 27, 2025

### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and

recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 27, 2025.

s/Julie Owens_____
JULIE OWENS
Case Manager